1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LUPE NIETO, JR.,                    )   Case No. 1:10-cv-01397-AWI-JLT
                                        )
12                 Plaintiff,           )   ORDER DISMISSING COMPLAINT WITH
            vs.                         )   LEAVE TO AMEND
13                                      )
    CLOVIS POLICE OFFICER DRAKE         )
14  HODGE, sued in his individual and official )
    capacity, CLOVIS POLICE            )
15  DEPARTMENT, and COUNTY OF          )
    FRESNO,                            )
16                                      )
                   Defendants.          )
17  _____    )

18

19         Plaintiff Lupe Nieto, Jr., ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20  *pauperis* in this action.  On August 4, 2010, Plaintiff filed this action. (Doc. 1).  Plaintiff asserts

21  this civil rights action against Clovis Police Officer Drake Hodge in his individual and official

22  capacity, the Clovis Police Department, and the County of Fresno (collectively, "Defendants")

23  pursuant to 42 U.S.C. § 1983.

24  **I.      Screening Requirement**

25         Where a prisoner seeks relief against "a governmental entity or officer or employee of a

26  governmental entity," the Court is required to review the complaint and identify "cognizable

27  claims."  28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the

28  complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted;

or…seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines whether the claims are pled in good faith.  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation].  The plausibility standard is not akin to a "probability requirement," but

1  it asks for more than a sheer possibility that a defendant has acted unlawfully.
2  [Citation]. Where a complaint pleads facts that are "merely consistent with" a
   defendant's liability, it "stops short of the line between possibility and plausibility
3  of 'entitlement to relief.'"

4  <u>Iqbal</u>, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their

5  truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in

6  the pleading are not entitled to the same assumption of truth.  <u>Id.</u>  If the Court determines that

7  the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent

8  that deficiencies of the complaint can be cured by an amendment.  <u>Lopez v. Smith</u>, 203 F.3d

9  1122, 1127-28 (9th Cir. 2000) (en banc).

10  **III.**    **§ 1983 Claims**

11      Section 1983 of title 42 of the United States Code does not provide for substantive rights;

12  it is "a method for vindicating federal rights elsewhere conferred."  <u>Albright v. Oliver</u>, 510 U.S.

13  266, 271 (1994).  An individual may bring an action for the deprivation of civil rights pursuant to

14  42 U.S.C. § 1983, which states in pertinent part:

15      Every person who, under color of any statute, ordinance, regulation, custom, or
        usage, of any State or Territory or the District of Columbia, subjects, or causes to be
16      subjected, any citizen of the United States or other person within the jurisdiction
        thereof to the deprivation of any rights, privileges, or immunities secured by the
17      Constitution and laws, shall be liable to the party injured in an action at law, suit in
        equity, or other proper proceeding for redress. . . .
18

19  42 U.S.C. § 1983.  To plead a § 1983 violation, a plaintiff must allege facts from which it may be

20  inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the

21  alleged violation acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988);

22  <u>Williams v. Gorton</u>, 529 F.2d 668, 670 (9th Cir. 1976).

23      A plaintiff must allege that he suffered a specific injury and show causal relationship

24  between the defendant's conduct and the injury suffered by the plaintiff.  <u>See</u> <u>Rizzo v. Goode</u>,

25  423 U.S. 362, 371-72, 377 (1976); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person

26  deprives another of a federal right "if he does an affirmative act, participates in another's

27  affirmative acts, or omits to perform an act which he is legally required to do so that it causes the

28  deprivation of which complaint is made").  There is no respondeat superior liability under §

                                               3

1983, and the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d, 1040, 1045 (9th Cir. 1989).

Finally, as with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

## IV.   Discussion and Analysis

The first cause of action Plaintiff alleges that Defendants denied him his rights secured by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (Doc. 1 at 6) Specifically, Plaintiff argues that each of the defendants deprived him of his rights to "due process of law, equal protection of the law, freedom from cruel and unusual punishment, and from state occasioned harm, injury, damage to bodily integrity, and emotional pain." Id. In the second cause of action, Plaintiff alleges defendants Clovis Police Department and County of Fresno violated § 1983 through failure to properly train, supervise, and discipline employees. Id. at 8. Plaintiff asserts the two causes of action arise from an incident on November 19, 2009:

> [W]hile plaintiff Lupe Nieto, Jr. was under arrest and/or in the custody of Clovis Police Department with both his hands visibly held above his head, Clovis Police Officers positioned behind the Plaintiff fired approximately three rounds at Plaintiff and Police Officer Drake Hodge, who was also positioned in back of Mr. Nieto, Jr. fired his weapon causing the bullet to directly impact upon [P]laintiff's hand. Despite the fact that Plaintiff had surrendered and visibly had no weapon which obviously posed no threat to the officer's safety, a total of three live rounds were aimed at him with one actually injurying (sic) him.

Id. at 5. Also, Plaintiff states that defendant County of Fresno failed to meet statutory obligations under California Government Code § 815.6, but did not incorporate this argument into a cause of action. Id. at 3.

### A.  Liability of Defendant Clovis Police Department

Under § 1983, a "person" may be sued for the deprivation of federal rights, and municipalities or other governmental bodies may be sued as a "person." Monell, 436 U.S. at

690.  However, the Ninth Circuit has held that these governmental bodies do not include police

departments, as "municipal police departments and bureaus are generally not considered

'persons' within the meaning of 42 U.S.C. § 1983." United States v. Kama, 394 F.3d 1236, 1240

(9th Cir. 2005).  In Morris v. State Bar, the Court considered whether the City of Fresno Fire

Department was amenable to suit, and held,

> Municipal police departments and bureaus are generally not considered "persons"
> within the meaning of 42 U.S.C. § 1983.  Hervey v. Estes, 65 F.3d 782, 791 (9th Cir.
> 1995).  Other types of governmental associations are only subject to suit under
> Section 1983 if the parties that created them intended to create a separate legal entity.
> Hervey, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit).  See
> also Sanders v. Aranas, 2008 U.S. Dist. LEXIS 6042, 2008 WL 268972, 3 (E.D. Cal.
> 2008) (the Fresno Police Department is not a proper defendant because it is a sub-
> division of the City of Fresno).
>
> …The City of Fresno is the proper party because it is the governmental entity
> considered a "person" under § 1983.  The Fresno Fire Department is a "sub-unit" of
> the City of Fresno and is not a person under § 1983.

Morris v. State Bar, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010).   Notably,

several recent decisions in the Eastern District held police departments are not "persons" under §

1983.  See, e.g., Navarro v. California, 2010 U.S. Dist. LEXIS 5388, at *18 (E.D. Cal. June 25,

2010); Wade v. Fresno Police Dep't., 2010 U.S. Dist. LEXIS 57093, at *10-11 (E.D. Cal. June 8,

2010); Abeytia v. Fresno Police Dep't, 2009 U.S. Dist. LEXIS 49500, at *25 (E.D. Cal. June 12,

2009).  Furthermore, this rational is followed by other districts within the Ninth Circuit as well.

See, e.g., Vance v. County of Santa Clara, 928 F. Supp 993, 996 (N.D. Cal. 1996) ("[T]he term

'persons' does not encompass municipal departments."); Ortega v. Chula Vista Police Dep't,

2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (The Court found the "Chula

Vista Police Department lacks capacity to be sued under Section 1983. . ."); Moreno-Garcia v.

Yakima Police Dep't, 2010 U.S. Dist. LEXIS 69213, at *5-6 (E.D. Wash. July 9, 2010) ("The

Yakima Police Department is not a legal entity separate from the City of Yakima, and it lacks

capacity to be sued.").  Moreover, not only is a municipal department not a proper defendant to a

§ 1983 claim, but also "naming a municipal department as a defendant is not an appropriate

means of pleading a § 1983 action against a municipality.  Stumps v. Gates, 777 F.Supp. 808,

816 (D. Colo. 1991).

1    Given its status as a municipal department, Clovis Police Department is not the proper

2 defendant to Plaintiff's claim.  Rather, the proper defendant would be the City of Clovis.

3 Therefore, the Court will address the liability of the City of Clovis below.

4    B.  Liability of Defendant County of Fresno

5    Plaintiff seems to allege that the County of Fresno is responsible for the actions of the

6 City of Clovis.  However, as noted above, the City of Clovis Police Department is an agency of

7 the City of Clovis.  The County of Fresno is responsible *only* for its own agencies and

8 departments.  Therefore, the complaint as to the County of Fresno, is **DISMISSED.**

9    C.  Liability of City of Clovis

10    A local governmental entity may be sued where governmental policy or custom are the

11 cause of a deprivation of federal rights.  Monell, 436 U.S. at 694.  To establish liability, Plaintiff

12 must show: (1) he was deprived of a constitutional right; (2) the City of Clovis had a policy; (3)

13 that this policy amounted to a deliberate indifference to the his constitutional right; and (4) the

14 policy was "the moving force behind the constitutional violation."  See Oviatt v. Pearce, 954

15 F.2d 1470, 1474 (9th Cir. 1992), quoting City of Canton, Ohio v. Harris, 489 U.S. at 378, 388

16 (1989); see also, Monell at 690-92.  There are three ways to show the policy or custom of a

17 government:

18    (1) By showing a longstanding practice or custom which constitutes the standard
      operating procedure of the local government entity;

19

20    (2) By showing that the decision-making official was, as a matter of state law, a
      final policy making authority whose edicts or acts may fairly be said to represent
      official policy in the area of decision or

21

22    (3) By showing that an official which final policymaking authority either
      delegated that authority to, or ratified the decision of, a subordinate.

23 Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotation marks and

24 citations omitted), citing Ulrich v. City & County of San Francisco, 308 F.3d 968, 985 (9th Cir.

25 2002).  Furthermore, a governmental policy may be inferred where there is evidence of repeated

26 constitutional violations for which the officers were not reprimanded.  Menotti, 409 F.3d at 1147.

27    Relevant to his claims of municipal liability, Plaintiff asserts defendants Clovis Police

28 Department was charged "by law, custom, and regulation with the hiring, supervision, and

1   training of staff and employees of the Clovis Police Department." (Doc. 1 at 8)  Plaintiff

2   contends the policies and practices of defendants "are devoid of legitimate purpose, and are

3   deliberately indifferent to human safety," and that the defendants failed "to hire competent

4   people. . .[and] to provide training and supervision regarding the health and safety of detainees."

5   Id. at 7.  Plaintiff concludes, "The direct and immediate result of these systematic failures to

6   properly hire, train, and supervise has been the unlawful infliction of physical injury, emotional

7   anguish, and pain and suffering to plaintiff Lupe Nieto, Jr."   Id. at 9.

8                         1.  Failure to Train

9          The Supreme Court has held that "the inadequacy of police training may serve as the

10   basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the

11   rights of persons with whom the police come into contact."  Canton, 489 U.S. at 388.  The

12   omission of training must reflect a "deliberate or conscious choice by a municipality" for the city

13   to be liable for its failure under § 1983.  Id.  "[T]he need to train officers in the constitutional

14   limitations on the use of deadly force, can be said to be so obvious that the failure to do so could

15   be characterized as deliberate indifference to constitutional rights."  Id. at 390, n. 10 (internal

16   quotation marks and citation omitted).  Therefore, the defendants would be liable under §1983 if

17   Plaintiff can show a failure to train or supervise the officer that amounted to deliberate

18   indifference, and a causal connection existed between the failure to train and the injuries Plaintiff

19   claims.

20          Plaintiff argues that the defendants "were responsible for the training of employees as to

21   lawful conduct toward detainees… including the wrongfulness of intentional physical abuse,"

22   and that the defendants "failed to properly train themselves and their staffs on the law governing

23   their conduct." (Doc. 1 at 9)  In addition, Plaintiff asserted the policies were "deliberately

24   indifferent" as to the rights of the detainees or arrestees, and caused him personal injury.  Id. at 7,

25   9.  However, the recitation of the required elements of a claim, even where supplemented with

26   legal conclusions, is not sufficient to state a claim.  See Iqbal, 129 S.Ct. at 1949.  Plaintiff has

27   failed to provide any supporting factual allegations, or any allegations as to what the policies or

28

customs are of the defendants with regard to training.  Therefore, the complaint as to the City of Clovis on this basis, is **DISMISSED**.

### 2.  Failure to Supervise

The failure to supervise employees can lead to § 1983 liability where there is a history of wide-spread abuse.  Abeytia, 2009 U.S. Dist. LEXIS 49500, at *23.  To prevail on a claim that the defendants had a policy or custom of inadequately supervising its police officers, Plaintiff must establish that this policy caused a constitutional deprivation of his rights.  See Hammond v. County of Madera, 859 F.2d 797, 801-02 (9th Cir. 1988); Van Ort v. Estate of Stanewich, 92 F3d. 831, 837 (9th Cir. 1996).  Similar to a failure to adequately train, a constitutional violation may arise from a failure to supervise where the failure amounts to a "deliberate indifference."  Canton, 489 U.S. at 388; Davis v. Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

As before, the Plaintiff recited the elements of for a "failure to supervise" claim by stating the defendants failed in their responsibilities to supervise and that this caused him an injury.  However, Plaintiff has failed to point to specific factual allegation that shows the inadequacy or failure to supervise, or show how this caused the constitutional violations alleged in his Complaint.  Therefore, the complaint as to the City of Clovis on this basis, is **DISMISSED**.

### 3.  Failure to Discipline

Beyond listing failure to properly discipline under his "Second Cause of Action," Plaintiff does not mention the failure to discipline again.  Notably, Plaintiff makes no allegations regarding whether the officers involved where disciplined or what the policy of defendants is in relation to disciplining officers.  Therefore, the complaint as to the City of Clovis on this basis, is **DISMISSED**.

### 4.  Use of Excessive Force

Plaintiff alleges that the Clovis Police Department "continue to subject detainees and/or arrestees to physical abuse in retaliation for surrendering . . . and/or [their failure] to comply with lawful requests and/or demands . . ."  (Doc. 1 at 5) H owever, Plaintiff offers no factual basis to support his claim of having information and/or a belief on this topic.  He is required to plead

1   facts to support these conclusions, rather than simply noting the elements of the tort. Therefore,

2   the complaint as to the City of Clovis on this basis, is **DISMISSED**.

3        C.  Fifth Amendment

4        Plaintiff alleges a due process violation under the Fifth Amendment.  However, the Fifth

5   Amendment applies only to actions by the federal government, and not to the actions of private

6   actors.  Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982).  There must be a "significantly close

7   nexus" between the federal government and the actor for the Fifth Amendment to apply to non-

8   federal entities.  Id.  Therefore, Plaintiff cannot make a cognizable claim against Defendants on

9   Fifth Amendment grounds and the complaint, on these grounds, is **DISMISSED**.

10       D.  Sixth Amendment

11       The Sixth Amendment provides a right to a speedy trial, and the rights of a defendant "to

12  be informed of the nature and cause of the accusation; to be confronted with the witnesses

13  against him," and to the assistance of counsel.  U.S. Constitution, amend. VI.  However, other

14  than listing the Sixth Amendment among the rights violated by Defendants, Plaintiff makes no

15  factual statements regarding Sixth Amendment rights.  Consequently, the Court is unable to infer

16  that Plaintiff was denied a right arising under the Sixth Amendment.  Plaintiff is unable to make

17  a cognizable claim against Defendants on Sixth Amendment grounds and the complaint on these

18  grounds, is **DISMISSED**.

19       E.  Eighth Amendment

20       The Eighth Amendment proscribes a freedom from cruel and unusual punishment.  U.S.

21  Constitution, amend. VIII.  Plaintiff alleges a violation of these rights, arguing that the policies

22  and practices of Defendants "demonstrate an intent to inflict unnecessary and wanton pain, in

23  violation of the Eighth (sic) Amendment…." (Doc. at 7)  However, only after conviction and

24  sentence does the prohibition of cruel and unusual punishment take effect.  Lee v. City of Los

25  Angeles, 250 F.3d 668, 868 (9th Cir. 2001).  Plaintiff's claims are based upon an incident at the

26  time of his arrest, and Plaintiff had not been convicted of a crime.  Thus, the Eighth Amendment

27  is not applicable and the complaint, on these grounds, is **DISMISSED**.

28       F.  Fourth & Fourteenth Amendment

1    <u>1.  Fourth Amendment</u>

2        Plaintiff alleges violations of his right to due process of law and that Defendants had

3    "deliberate indifference to [his] equal protection rights."  (Doc. 1 at 6-7)  The Fourth Amendment

4    prohibits arrests without probable cause or other justification, and provides:  "The right of the

5    people to be secure in their persons. . . against unreasonable searches and seizures, shall be

6    violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

7    and particularly describing . . . the persons or things to be seized."  <u>U.S. Constitution, amend. IV</u>.

8    A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without

9    probable cause or justification.  <u>Dubner v. City & County of San Francisco</u>, 266 F.3d 959, 964

10   (9th Cir. 2001).  In addition, allegations of excessive force during an arrest are analyzed under a

11   Fourth Amendment standard.  <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989) ("claim[s] that law

12   enforcement officials used excessive force in the course of making an arrest, investigatory stop,

13   or other 'seizure'… are properly analyzed under the Fourth Amendment's 'objective

14   reasonableness' standard"); <u>Chew v. Gates</u>, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force

15   to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

16   <u>2.  Due Process Clause of the Fourteenth Amendment</u>

17       The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . .

18   deprive any person of life, liberty, or property, without due process of law."  <u>U.S. Constitution,</u>

19   <u>amend. XIV §1</u>.  This clause guarantees both procedural and substantive due process.  The

20   procedural due process component protects individuals against the deprivation of liberty or

21   property by the government, while substantive due process protects individuals from the arbitrary

22   deprivation of liberty by the government.  <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904

23   (9th Cir. 1993); <u>Brittain v. Hansen</u>, 451 F.3d 982, 991 (9th Cir. 2006).  "A § 1983 claim based

24   upon procedural due process has three elements: (1) a liberty or property or property interest

25   protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of

26   process.  <u>Portman</u>, 995 F.2d at 904.

27       Here, Plaintiff alleges Defendants violated his rights under the Constitution and the

28   Fourteenth Amendment "by refusing to honor his surrender to law enforcement" at the time of

his arrest and shooting him in the hand.  (Doc. 1 at 5, 7)  As such, the gravamen of Plaintiff's

Complaint is the amount of force used during the course of his arrest and after his surrender.  The

Supreme Court held in Graham,

> [A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.  Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Graham, 490 U.S. at 395.  Graham continued, "Our cases have not resolved the question whether

the Fourth Amendment continues to provide individuals with protection against the deliberate

use of excessive physical force beyond the point at which arrest ends and pretrial detention

begins, and we do not attempt to answer that question today. It is clear, however, that the Due

Process Clause protects a pretrial detainee from the use of excessive force that amounts to

punishment. See Bell v. Wolfish, 441 U.S. 520, 535-539 (1979)."

Therefore, as to pretrial detainees, it is the Fourteenth Amendment's Due Process Clause

that protects against excessive force that amounts to punishment. Graham, 490 U.S. at 395 n. 10;

Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002). However, on this basis, the

Ninth Circuit has determined that the Fourth Amendment's standards set the applicable

constitutional limitations for considering claims of excessive force . Gibson, 290 F.3d at 1197;

Short v. Sanzberro, 2009 U.S. Dist. LEXIS 122519 at *8 (E.D. Cal. 2009).

Plaintiff claims that he was subjected to excessive force due to the "unlawful shooting

and injury" inflicted by Officer Hodge that took place after his surrender.  (Doc. 1 at 3, 5)

Therefore, Plaintiff has stated a cognizable claim against Defendant Hodge.  However, as

discussed above, Plaintiff has failed to set forth facts to link any of the other defendants to the

alleged violation of these rights.  See West, 487 U.S. at 28.

2.  Equal Protection

The Equal Protection Clause states that "no state shall… deny to any person within its

jurisdiction the equal protection of the laws." U.S. Constitution, amend. XIV §1.  In essence, this

commands that all persons who are similarly situated be treated alike. <u>City of Cleburne v.</u>
<u>Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985).

A plaintiff can establish an equal protection claim in two ways. First, a plaintiff may
allege "the defendants acted with an intent or purpose to discriminate against the plaintiff based
upon membership in a protected class. Lee, 25, F.3d at 686. Second, where the acts in question
do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging that
he "has been intentionally treated differently from others similarly situated and that there is no
rational basis for the difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562,
564 (2000).

Even when viewed liberally, Plaintiff's Complaint fails to state an equal protection
violation. The Complaint summarily states Defendants was deprived of "equal protection of the
law." (Doc. 1 at 6) However, this conclusion is not sufficient to state a claim. <u>See</u> Iqbal, 129
S.Ct. at 1949; <u>see also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (the court is "not bound to accept as
true a legal conclusion couched as a factual allegation"). Plaintiff does not contend that
Defendants discriminated against him in violation of equal protection rights or that he was
treated differently from other similarly situated individuals. Therefore, Plaintiff failed to state a
cause of action for an equal protection violation and the complaint, on Fifth Amendment
grounds, is **DISMISSED**.

**V.** **Conclusion**

Plaintiff's complaint states a claim under section 1983 against Defendant Hodge for
violation of his Fourth and Fourteenth Amendment rights. He fails to state causes of action
under the Fifth, Sixth or Eighth Amendments or a cause of action against Defendants, City of
Clovis or the County of Fresno. The Court will provide Plaintiff with the opportunity to file an
amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>,
809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
only against Defendant Hodge on his Fourth and Fourteenth Amendment claims, Plaintiff may
notify the Court in writing, and the Court will dismiss Defendants City of Clovis and the County

of Fresno.  At that time, the Court will forward Plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process. If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      Within 20 days from the date of service of this order, Plaintiff must either:

a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

b.   Notify the Court in writing that he is willing to proceed only against Defendant Hodge on his Fourth and Fourteenth Amendment claims related to the use of force and that he does not want to file an amended complaint; and

2.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 30, 2010**                          **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE