IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUPE NIETO, JR., | ) | Case No. 1:10-cv-01397-AWI-JLT |
| | ) | |
| Plaintiff, | ) | ORDER ADMONISHING PLAINTIFF TO |
| vs. | ) | COMPLY WITH THE ORDER DISMISSING |
| | ) | THE COMPLAINT AND GRANTING LEAVE |
| DRAKE HODGE, et al., | ) | TO AMEND |
| | ) | (Doc. 7) |
| Defendants. | ) | |
| _____ | ) | |

Lupe Nieto, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on August 4, 2010 (Doc. 1). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §1915A, and found that it states cognizable claims against defendant Drake Hodge on Fourth and Fourteenth Amendment claims related to the use of excessive force. See Fed.R.Civ.P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). The Court ordered Plaintiff to either file an amended complaint *or* to notify the Court that he wished to proceed only on the cognizable claim (Doc. 6). See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

1

On October 22, 2010, Plaintiff sent a notice to the Court that he is willing to proceed only against defendant Hodge and seeks to "dismiss this action against all remaining defendants with leave to add defendants DOES 1 THROUGH 20 as their names and violations become known in this action." (Doc. 6 at 2)  However, in this manner, Plaintiff has failed to comply with the Court's Order, which explicitly gave Plaintiff two options to amend the complaint on his own, or "[n]otify the Court in writing that he is willing to proceed **only** against Defendant Hodge on his Fourth and Fourteenth Amendment claims related to the use of force and that he does not want to file an amended complaint."  Id. at 13 (emphasis added).

Plaintiff named "Does 1-20" as defendants in his original Complaint (Doc. 1).  Notably, Plaintiff did not make factual allegations related to specific "Does" in his Complaint.  Plaintiff alleged that "Clovis Police Officers positioned behind the plaintiff fired approximately three rounds at Plaintiff and Police Officer Drake Hodge, who was also positioned in the back of Mr. Nieto, Jr. fired his weapon causing the bullet to directly impact upon Plaintiff's hand." (Doc. 1 at 5).  By these facts, Plaintiff has not alleged any injury caused by the unnamed officers, and the actions of defendant Drake were addressed by the Order.  If Plaintiff wishes to proceed on the cognizable claims, then he is not permitted to add defendants after the Court has screened the Complaint for cognizable claims, especially when he admits that their violations are unknown.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to add defendants Does 1 through 20 is **DENIED**; and
2. Withing 14 days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in its order dated September 30, 2010, or
   b. Notify the Court in writing that he is willing to proceed *only* against Defendant Hodge on his Fourth and Fourteenth Amendment claims related to the use of force and that he does not want to file an amended complaint; and
3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

1   Plaintiff is admonished that he must strictly comply with this Order, as he failed to
2 comply with the previous Order of this Court.  If Plaintiff fails to comply with this order as well,
3 the Court will recommend dismissal of this action with prejudice.

5 IT IS SO ORDERED.

6 Dated:   **November 6, 2010**                                     /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE