1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LUPE NIETO, JR., | )  Case No. 1:10-cv-01397-AWI-JLT |
| | ) |
| 12              Plaintiff, | )  ORDER DISMISSING AMENDED |
| | )  COMPLAINT WITH LEAVE TO AMEND |
| 13         vs. | ) |
| | )  (Doc. 9) |
| 14  CLOVIS POLICE OFFICER DRAKE | ) |
|     HODGE, CITY OF CLOVIS, AND DOES | ) |
| 15  1 THROUGH 20, INCLUSIVE, | ) |
| | ) |
| 16 | ) |
|              Defendants. | ) |
| 17  _____ | ) |

18

19        Lupe Nieto, Jr., ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

20  in this action.  On August 4, 2010, Plaintiff commenced this civil rights action against Clovis

21  Police Officer Drake Hodge in his individual and official capacity and the City of Clovis

22  (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 (Doc. 1).  The Court screened

23  Plaintiff's Complaint and dismissed the complaint with leave to amend.  (Doc. 8).  In addition,

24  Plaintiff was informed that an amended complaint would supersede the original complaint.  *Id.* at

25  13.  Plaintiff filed his Amended Complaint on November 17, 2010.  (Doc. 9).  Therefore, the

26  Amended Complaint is now before the Court for screening.

27  ///

28  ///

1

**I.  Screening Requirement**

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims."  28 U.S.C § 1915(a)-(b).  The complaint, or portion of the complaint, must be dismissed if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).

**II.  Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

1   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

2   Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673

3   F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a
> claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. [Citation]. The
> plausibility standard is not akin to a "probability requirement," but it asks for more
> than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a
> complaint pleads facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to relief."

9   *Iqbal*, 129 S.Ct. at 1949.  A court should assume the truth of well-pled factual allegations and

10  determine whether the facts would make the plaintiff entitled to relief; conclusions in the

11  pleading are not entitled to the same assumption of truth.  *Id.*  If the Court determines that a

12  complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that

13  deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122,

14  1127-28 (9th Cir. 2000) (en banc).

15  **III.   § 1983 Claims**

16      Section 1983 of title 42 of the United States Code does not provide for substantive rights;

17  it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S.

18  266, 271 (1994).  In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress…

23  42 U.S.C. § 1983.  To plead a § 1983 violation, a plaintiff must allege facts from which it may be

24  inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged

25  violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v.*

26  *Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

27      In addition, a plaintiff must allege that he suffered a specific injury, and show causal

28  relationship between the defendant's conduct and the injury suffered by the plaintiff.  *See Rizzo v.*

1   *Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a

2   person deprives another of a federal right "if he does an affirmative act, participates in another's

3   affirmative acts, or omits to perform an act which he is legally required to do so that it causes the

4   deprivation of which complaint is made").  As with other complaints, conclusory allegations

5   unsupported by facts are insufficient to state a civil rights claim under § 1983.  *Sherman v.*

6   *Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

7   **IV.   Discussion and Analysis**

8           Plaintiff asserts that while he was under arrest, "with both his hands clearly and visibly

9   held above his head," defendant Hodge "fired his weapon causing the bullet to impact Plaintiff's

10  hand" on November 19, 2009.  (Doc. 9 at 2).  Plaintiff alleges that other officers fired lethal

11  rounds from their department-issued weapons that did not strike him.  *Id.*  With these allegations,

12  Plaintiff argues that Defendants violated "his rights under the cruel and unusual punishment

13  clause of the Eighth Amendment to the United States Constitution and his right to be free from

14  the excessive use of force under the Fourth And Fourteenth Amendments to the United States

15  Constitution."  *Id.* at 1.

16  A.   Liability of City of Clovis

17          Under § 1983, "persons" being sued for the deprivation of federal rights may include

18  municipalities or governmental bodies.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

19  However, there is no *respondeat superior* liability under § 1983, and the supervisor of an

20  individual who allegedly violated a plaintiff's constitutional rights is not made liable for the

21  violation simply by virtue of that role.  *Id.* at 691.  "A supervisor is only liable for constitutional

22  violations of his subordinates if the supervisor participated in or directed the violations, or knew

23  of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

24  1989).

25          When a government policy or custom is the cause of a deprivation of federal rights, a

26  local government entity may be sued.  *Monell*, 436 U.S. at 694.  Specifically, the City of Clovis

27  "may be held liable for such a violation only if the arresting officers' conduct was a product of

28  City policy or custom."  *Menotti v. City of Seattle*, 409 F.3d 113, 1147 (9th Cir. 2005). Therefore,

to establish liability under § 1983, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the City of Clovis had a policy that (3) amounted to a deliberate indifference to his constitutional right; and (4) the policy was "the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 387, 388 (1989); *see also Monell*, 436 U.S. at 690-92.  There are three methods by which a policy or custom of a government may be established:

> (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2) by showing that the decision-making official was, as a matter of state law, a final policy making authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
>
> (3) by showing that an official which final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti*, 409 F.3d at 1147 (internal quotation marks omitted), *citing Ulrich v. City & County of San Francisco*, 308 F.3d 969, 985 (9th Cir. 2002).  Furthermore, a municipal policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not remanded.  *Id.*

Notably, though Plaintiff alleges the City of Clovis violated his rights, Plaintiff states, "The Clovis Police Department in the City of Clovis has a clearly established 'use of force' policy which provides that lethal force shall only be used or administered by police officers when great bodily harm or death is imminent and non-lethal means are incapable of preventing such harm." (Doc. 9 at 3).  This policy, which could constitute the "standard operating procedure," is not one that amounts to deliberate indifference of a constitutional right.  Moreover, Plaintiff acknowledges the policy is not "the moving force behind the constitutional violation," stating the conduct of the officers "was *in direct contravention of established policies and procedures* of the Clovis Police Department in the City of Clovis." *Id.* (emphasis added); *see City of Canton*, 498 U.S. at 388.  Therefore, Plaintiff is unable to state a cognizable claim of liability against the City of Clovis, and the Amended Complaint, as to the City of Clovis, is **DISMISSED**.

///

///

B.   Eighth Amendment

The Eighth Amendment proscribes a freedom from cruel and unusual punishment.  *U.S. Constitution, amend. VIII*.  Plaintiff alleges a violation of these rights, but Plaintiff's claims are based upon an incident at the time of his arrest.  Only after conviction and sentencing does the prohibition of cruel and unusual punishment take effect.  *Lee v. City of Los Angeles*, 668, 686 (9th Cir. 2001); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 (1979) ("Eight Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment").  Therefore, because Plaintiff had not yet been convicted of a crime, the Eighth Amendment is not applicable and the Amended Complaint, on these grounds, is **DISMISSED**.

C.   Fourth and Fourteenth Amendment

Plaintiff alleges that the acts of Defendants "deprived Plaintiff of his right guaranteed by the Fourth and Fourteenth Amendment . . . not to be deprived of life, liberty, and property without due process of law."  (Doc. 9 at 3).

*Due Process Clause of the Fourteenth Amendment*

As to pre-trial detainees, it is the Fourteenth Amendment's Due Process Clause that protects against excessive force that amounts to punishment.  *Graham*, 490 U.S. at 395 n. 10; *Gibson*, 290 F.3d at 1197.  The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property without due process of law." *U.S. Constitution, amend. XIV*.  However, the Supreme Court observed:

> Our cases have not resolved the question of whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins . . . It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.

*Graham*, 490 U.S. at 395.  On this basis, the Ninth Circuit determined that the standards of the Fourth Amendment set the applicable constitutional limitations for considering claims of

1  excessive force. *Gibson*, 290 F.3d at 1197; *Short v. Sanzberro*, 2009 U.S. Dist. LEXIS 122519,

2  at *8 (E.D. Cal. Dec. 18, 2009).

3        *Excessive Force and the Fourth Amendment*

4        The Fourth Amendment prohibits arrests without probable cause or other justification,

5  and provides: "The right of the people to be secure in their persons . . . against unreasonable

6  searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable

7  cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to

8  be seized." *U.S. Constitution, amend. IV*.  A claim for unlawful arrest is cognizable when the

9  arrest is alleged to have been made without probable cause or justification. *Dubner v. City &*

10 *County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  In addition, allegations of

11 excessive force during an arrest are analyzed under a Fourth Amendment standard.  *Graham v.*

12 *Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force

13 in the course of making an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed

14 under the Fourth Amendment's 'objective reasonableness' standard").

15       Here, Plaintiff claims he complied with all commands of the police officers after his

16 surrender Officer Hodge fired his weapon, hitting Plaintiff in the hand.  (Doc. 9 at 3).  Therefore,

17 Plaintiff has stated a cognizable claim for excessive force against defendant Hodge.

18 <u>D.  "Doe" Defendants</u>

19       Plaintiff names "Does 1 through 20, inclusive" as defendants.  Generally, "Doe"

20 defendants are disfavored in the Ninth Circuit.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

21 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal.

22 May 5, 2010).  However, when the identities of defendants are not known, "the plaintiff should

23 be given an opportunity through discovery to identify the unknown defendants, unless it is clear

24 that discovery would not uncover the identifies, or that the complaint would be dismissed on

25 other grounds."  *Gillespie*, 629 F.2d at 642.

26       Plaintiff alleges that other officers were present at the time, and fired rounds that did not

27 strike Plaintiff.  Though naming "Doe" defendants, Plaintiff has failed to identify which of the

28 Doe Defendants fired at him.  Thus, the Court cannot determine whether Plaintiff asserts that

                                              7

each of the Doe Defendants fired at him or only some did so.  Plaintiff is required to allege

specifically how each defendant–including Doe Defendants--violated his rights, and link each

defendant's actions to the violation of his rights.  *See West*, 487 U.S. at 28.  Therefore, Plaintiff

has failed to state a cognizable claim against Does 1 through 20 and the Amended Complaint is

**DISMISSED**.

## V.  Conclusion and Order

Plaintiff's Amended Complaint states a claim under § 1983 against Defendant Hodge for

violation of his Fourth and Fourteenth Amendment rights.  Plaintiff fails to state causes of action

against the City of Clovis or the "Doe" defendants.

Once more, this Court will provide Plaintiff with the opportunity to file a second

amended complaint curing the deficiencies identified by the Court in this order.  See Noll v.

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff is advised that the Court

will permit only one more attempt at amending the complaint, before dismissing all claims with

prejudice.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

*only* against Defendant Hodge on his Fourth and Fourteenth Amendment claims, Plaintiff may

notify the Court in writing, and the Court will dismiss the "Doe" defendants and the City of

Clovis.  At that time, the Court will forward Plaintiff three summonses and three USM-285

forms for completion and return.  Upon receipt of the forms, the Court will direct the United

States Marshal to initiate service of process.  If Plaintiff opts to amend, his amended complaint

should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S.Ct. At 1948-49;

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Although accepted as true, "[f]actual

allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Bell*

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567, *citing London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981); accord. *Forsyth*, 114 F.3d at 1474.

Accordingly, **IT IS ORDERED** that:

1.    Plaintiff's Amended Complaint is **DISMISSED**, with leave to amend;

2.    Within **30 days** from the date of service of this order, Plaintiff must either:

a.    File a second amended complaint curing the deficiencies identified by the Court in this order, or

b.    Notify the Court in writing that he is willing to proceed only against defendant Hodge on the cognizable claims of excessive force arising under the Fourth and Fourteenth Amendments.

3.    If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 23, 2010**                          **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE