IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE NIETO, JR., <br><br>    Plaintiff, <br><br>    vs. <br><br>DRAKE HODGE, et al., <br><br>    Defendants. <br>_____/ | Case No.: 1:10-cv-01397-AWI-JLT (PC) <br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S EIGHTH AMENDMENT CLAIM AND DEFENDANTS CITY OF CLOVIS, COUNTY OF FRESNO, AND DOES 1-20, INCLUSIVE <br><br>(Doc. 9) |

**I.     Background**

Lupe Nieto, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On August 4, 2010, Plaintiff commenced this civil rights action against Clovis Police Officer Drake Hodge in his individual and official capacity and the City of Clovis (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court screened Plaintiff's Complaint and dismissed the complaint with leave to amend. (Doc. 8). Plaintiff filed his Amended Complaint on November 17, 2010. (Doc. 9)

After screening, the Court found that the amended complaint states cognizable claims against defendant Drake Hodge on Fourth and Fourteenth Amendment grounds related to the use of excessive force. However, for the reasons set forth below, the Court noted that Plaintiff's complaint failed to state claims against other defendants. Therefore, the Court ordered Plaintiff to file an

amended complaint or to notify the Court that he wished to proceed only on the claims found to be cognizable. (Doc. 10). *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (a prisoner must be given notice of deficiencies and an opportunity to amend prior to dismissing for failure to state a claim).

On December 6, 2010, Plaintiff notified the Court that he does not wish to amend his complaint, and Plaintiff is willing to proceed only on the cognizable claim within his Amended Complaint identified by the Court in its Order. (Doc. 11). Therefore, the Court recommends that the claims based upon the Eighth Amendment and the claims against Defendants City of Clovis, County of Fresno and "Does 1-20, inclusive" be **DISMISSED**.

## II. Screening Requirement

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The complaint, or portion of the complaint, must be dismissed if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949. A court should assume the truth of well-pled factual allegations and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that a complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.  § 1983 Claims**

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

In addition, a plaintiff must allege that he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

### V. Discussion and Analysis

Plaintiff asserts that while he was under arrest, "with both his hands clearly and visibly held above his head," defendant Hodge "fired his weapon causing the bullet to impact Plaintiff's hand" on November 19, 2009. (Doc. 9 at 2). Plaintiff alleges that other officers fired lethal rounds from their department-issued weapons that did not strike him. *Id.* With these allegations, Plaintiff argues that Defendants violated "his rights under the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and his right to be free from the excessive use of force under the Fourth And Fourteenth Amendments to the United States Constitution." *Id.* at 1.

A. Liability of City of Clovis

Under § 1983, "persons" being sued for the deprivation of federal rights may include municipalities or governmental bodies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, there is no *respondeat superior* liability under § 1983, and the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. *Id.* at 691. "A supervisor is only liable for constitutional violations of his

subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

When a government policy or custom is the cause of a deprivation of federal rights, a local government entity may be sued. *Monell*, 436 U.S. at 694.  Specifically, the City of Clovis "may be held liable for such a violation only if the arresting officers' conduct was a product of City policy or custom." *Menotti v. City of Seattle*, 409 F.3d 113, 1147 (9th Cir. 2005). Therefore, to establish liability under § 1983, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the City of Clovis had a policy that (3) amounted to a deliberate indifference to his constitutional right; and (4) the policy was "the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 387, 388 (1989); *see also Monell*, 436 U.S. at 690-92.  There are three methods by which a policy or custom of a government may be established:

> (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2) by showing that the decision-making official was, as a matter of state law, a final policy making authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
>
> (3) by showing that an official which final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti*, 409 F.3d at 1147 (internal quotation marks omitted), *citing Ulrich v. City & County of San Francisco*, 308 F.3d 969, 985 (9th Cir. 2002).  Furthermore, a municipal policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not remanded.  *Id.*

Notably, though Plaintiff alleges the City of Clovis violated his rights, Plaintiff states, "The Clovis Police Department in the City of Clovis has a clearly established 'use of force' policy which provides that lethal force shall only be used or administered by police officers when great bodily harm or death is imminent and non-lethal means are incapable of preventing such harm." (Doc. 9 at 3).  This policy, which could constitute the "standard operating procedure," is not one that amounts to deliberate indifference of a constitutional right.  Moreover, Plaintiff acknowledges the policy is not "the moving force behind the constitutional violation," stating the conduct of the officers "was *in*

5

*direct contravention of established policies and procedures* of the Clovis Police Department in the City of Clovis." *Id.* (emphasis added); *see City of Canton*, 498 U.S. at 388. Therefore, Plaintiff is unable to state a cognizable claim of liability against the City of Clovis, and the Court recommends that the Amended Complaint, as to the City of Clovis, be **DISMISSED**.

### B.  Eighth Amendment

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. *U.S. Constitution, amend. VIII*. Plaintiff alleges a violation of these rights, but Plaintiff's claims are based upon an incident at the time of his arrest. Only after conviction and sentencing does the prohibition of cruel and unusual punishment take effect. *Lee v. City of Los Angeles*, 668, 686 (9th Cir. 2001); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 (1979) ("Eight Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). Therefore, because Plaintiff had not yet been convicted of a crime, the Eighth Amendment is not applicable and the Court recommends that the Amended Complaint, on these grounds, be **DISMISSED**.

### C.  "Doe" Defendants

Plaintiff names "Does 1 through 20, inclusive" as defendants. Generally, "Doe" defendants are disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010). However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identifies, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

Plaintiff alleges that other officers were present at the time, and fired rounds that did not strike Plaintiff. Though naming "Doe" defendants, Plaintiff has failed to identify which of the Doe Defendants fired at him. Thus, the Court cannot determine whether Plaintiff asserts that each of the

Doe Defendants fired at him or only some did so.  Plaintiff is required to allege specifically how each defendant–including Doe Defendants--violated his rights, and link each defendant's actions to the violation of his rights.  *See West*, 487 U.S. at 28.  Therefore, Plaintiff has failed to state a cognizable claim against Does 1 through 20 and the Court recommends that the Amended Complaint be **DISMISSED**.

### VI.   Conclusion

In accord with the Notice filed by Plaintiff, the Court **RECOMMENDS**:

1. Plaintiff's claim for a violation of his Eighth Amendment right from cruel and unusual punishment be **DISMISSED**; and
2. Defendants City of Clovis, County of Fresno, and "Does 1-20, inclusive" be **DISMISSED**.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 14, 2010**                              **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE