UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE NIETO JR., <br><br> Plaintiff, <br><br> v. <br><br> DRAKE HODGE et al., <br><br> Defendant. | Case No.: 1:10-cv-01397 AWI JLT (PC) <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES, SET ONE AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE AND DEEMING MATTERS ADMITTED <br><br> (Doc. 32) |

Lupe Nieto, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983 against, Drake Hodge, the sole remaining defendant.

On August 4, 2010, Plaintiff initiated this civil rights action. (Doc. 1). On September 11, 2012, Defendant filed a motion to compel Plaintiff to respond to interrogatories, requests for admission, and requests for production. (Doc. 32). Defendant also requests sanctions in the amount of $700.00 against Plaintiff. (Doc. 32-1 at 6). Plaintiff has not responded to Defendant's motion. For the reasons set forth below, the Court **GRANTS** Defendant's motion in part.

**I.   LEGAL STANDARDS**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information for the purposes of discovery is any

1  information that is "reasonably calculated to lead to the discovery of admissible evidence." <u>Brown
2  Bag Software v. Symantec Corp</u>., 960 F.2d 1465, 1470 (9th Cir. 1992). District courts have broad
3  discretion in determining relevancy for discovery purposes. <u>Surfvivor Media, Inc. v. Survivor Prods</u>.,
4  406 F.3d 625, 635 (9th Cir. 2005).

5       A party may propound interrogatories relating to any matter that may be inquired into under
6  Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a). In turn, the responding party is
7  obligated to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P. 33(b)(3),
8  and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party
9  shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections
10  will not be viewed favorably by the court. <u>Haney v. Saldana</u>, No. 1:04-cv-5935-AWI-SMS PC, 2010
11  U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010).

12       A party may also serve on any other party a request to produce "any designated documents . . .
13  which are in the possession, custody or control of the party upon whom the request is served." Fed. R.
14  Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party
15  has actual possession, custody, or control, or has the legal right to obtain the documents on demand."
16  <u>In re Bankers Trust Co</u>., 61 F.3d 465, 469 (6th Cir. 1995). The party to whom the request is directed
17  must respond in writing that inspection will be permitted as requested, or must state an objection to the
18  request, including the reasons. Fed. R. Civ. P. 34(b)(2).

19       A party seeking discovery may move for an order compelling an answer or production if a
20  party fails to answer an interrogatory submitted under Rule 33 or fails to respond to a production
21  request under Rule 34. (See Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Additionally, "[a] party may serve
22  on any other party a written request to admit, for purposes of the pending action only, the truth of any
23  matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or
24  opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1).
25  If the responding party fails to serve a written answer or objection within forty-five days, the matter is
26  admitted. Fed. R. Civ.P. 36(a)(3). Notably, by its terms, Rule 36(a)(3) is self-executing and no motion

27
28

1  is needed to deem the matters admitted. Smith v. Pac. Bell Tel. Co., Inc., 662 F.Supp.2d 1199, 1229
2  (E.D. Cal. 2009); Foster v. Enenmoh, 2012 WL 2872769 (E.D. Cal., July 12, 2012).[1]

### II.  DEFENDANT'S MOTION TO COMPEL

On June 6, 2012, Defendant propounded Interrogatories, Requests for Production, and Requests for Admission upon Plaintiff. (Doc. 32-2 at 5-25). When Plaintiff failed to timely respond, Defendant sent Plaintiff a letter. (Doc. 32-2 at 27). Defendant's letter, dated August 14, 2012, informed Plaintiff that if he did not provide responses to the discovery by August 24, 2012, Defendant would seek an order compelling responses and requesting sanctions. (Doc. 32-2 at 27). The letter further informed Plaintiff that "the Requests for Admissions are already deemed admitted due to his failure to respond." (Doc. 32-2 at 27).

According to Defendant, the August 14, 2012 letter (which was sent to the address Plaintiff provided to the Court in January 2012) (Doc. 27) was returned with a notation that Plaintiff had been paroled. (Doc. 32-2 at 2). As noted by Defendant, the Court's docket reflects that Plaintiff is currently at the same address he provided to the Court in January 2012. (Doc. 27).

Given that Plaintiff has failed to supply any response to Defendant's discovery, the Court will grant Defendant's motion to compel the Interrogatories and Requests for Production propounded upon Plaintiff on June 6, 2012, pursuant to Rule 37(a)(3)(B)(iii)-(iv). Because there is no need for a Court to determine that the matters are admitted, the motion is **DENIED** as unnecessary. Smith v. Pac. Bell Tel. Co., Inc., 662 F.Supp.2d at 1229.

### III.  DEFENDANT'S REQUEST FOR SANCTIONS

Defendant seeks "sanctions" in the amount of $700 pursuant to Federal Rule of Civil Procedure "37(a)(4)(A)." (Doc. 32-1 at 5). The Court is unclear whether Defendant meant to refer to

---

[1] On the other hand, this Court has granted motions to withdraw deemed admissions based upon the rationale set forth in Diggs v. Keller, 181 F.R.D. 468 (D.Nev.1998). In that case, the court ruled that "before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to [pursuant to Rule 36 or within the time frame allowed by the court]." Id. at 469. This Court has adopted the rationale in Jefferson v. Perez 2012 WL 671917 at fn 1 (E.D. Cal., Feb. 29, 2012) and Kirk v. Richards, CIV S-10-0373 GEB, 2011 WL 4374999 at fn 1 (E.D. Cal. Sept. 19, 2011).

3

reasonable costs and attorneys' fees under 37(a)(5)(A) or "sanctions" pursuant to Rule 37(b)(2). In either case, the Court declines to grant Defendant's request.

Pursuant to Federal Rule of Civil Procedure 37(a), when a motion to compel is granted, the Court shall award reasonable expenses for bringing the motion unless other circumstances make the award unjust. See Fed. R. Civ. P. 37(a)(5)(A). Plaintiff is indigent and proceeding in forma pauperis. Given Plaintiff's circumstances and the fact that there is a question as to why Plaintiff's mail was returned, the Court finds that an award of reasonable expenses would be unjust. Additionally, Plaintiff has not violated any discovery order that would warrant sanctions under Fed. R. Civ. P. 37(b)(2). Thus, Plaintiff's request for sanctions is **DENIED**.

### III. CONCLUSION

In accordance with the above, the Court **ORDERS**:

1. Defendant's September 11, 2012 motion to compel further responses to Interrogatories propounded upon Plaintiff on June 6, 2012 is **GRANTED**;
2. Defendant's September 11, 2012 motion to compel further response to his Request for Production of Documents propounded upon Plaintiff on June 6, 2012 is **GRANTED**;
3. Defendant's September 11, 2012 motion to deem matters admitted is **DENIED** as unnecessary;
4. Defendant's Request for Sanctions is **DENIED**.

Plaintiff shall serve Defendant with responses to the Interrogatories and Requests for Production propounded on him no later than **October 23, 2012**.

IT IS SO ORDERED.

Dated:   **October 10, 2012**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

4