UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE NIETO JR., <br><br> Plaintiff, <br><br> v. <br><br> DRAKE HODGE et al., <br><br> Defendant. | Case No.: 1:10-cv-01397 AWI JLT <br><br> **FINDINGS AND RECOMMENDATION DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO KEEP COURT APPRISED OF HIS CURRENT ADDRESSS** |

Lupe Nieto, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983 against, Drake Hodge, the sole remaining defendant.

On August 4, 2010, Plaintiff initiated this civil rights action. (Doc. 1). On September 11, 2012, Defendant filed a motion to compel Plaintiff to respond to interrogatories, requests for admission, and requests for production. (Doc. 32). Plaintiff did not respond to Defendant's motion. On October 10, 2012, the Court issued an order granting Defendant's motion in part and denying Defendant's motion in part. (Doc. 33). On November 1, 2012, the Court's October 10, 2012 order was returned as undeliverable. For the reasons set forth below, it is recommended that Plaintiff's matter be dismissed.

/////

## I. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance because Plaintiff's fails to notify the Court of his current address.

Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is required to keep the Court advised of his current address at all times. Specifically, Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Plaintiff was to inform this Court of his new address by January 10, 2013, but has failed to do so.

Notably, Plaintiff has twice before filed with the Court notices of address changes. (Docs. 23, 27). Thus, Plaintiff was aware of the need to keep the Court advised of his current address. Moreover, no lesser sanction than dismissal is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to keep the Court advised of his current address; and

2. The Clerk of Court be directed to close this action because this order terminates the action in its entirety. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 11, 2013**             **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE